**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  6:26-CR-00095-01** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **SCOTT MARTEL (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

## SCHEDULING ORDER

Considering the Court's prior grant of a continuance of the trial date previously set in this matter[1] and its express findings under the Speedy Trial Act[2], and pursuant to the discussion held among counsel and the undersigned Magistrate Judge during the telephone scheduling conference conducted on Tuesday, June 9, 2026, the following Orders are hereby entered.

A **pretrial conference** will be held before **Judge Hicks** by telephone on **TUESDAY, September 8, 2026** at **10:00 a.m.**  Attendance by trial counsel is required. **TRIAL** is **SET** before **Judge Hicks** during the term commencing **MONDAY, SEPTEMBER 21, 2026 at 9:30 A.M.** in Courtroom 4 at the United States District Court in **Lafayette, Louisiana.**

The **plea deadline** is **FRIDAY, AUGUST 28, 2026**.  If a written plea agreement signed by defendant and all counsel is not filed with the court (and a copy delivered to the trial judge's chambers) by the close of business on that date, no guilty plea will thereafter be accepted by the court except straight up to all counts.

Any request for subpoenas under Rule 17(b), by a defendant unable to pay, must be filed not less than 2 weeks before trial. Any motions for writ of habeas corpus ad

---

[1]     Rec. Doc. 23.
[2]     *Id.*

testificandum, to produce witnesses who are currently incarcerated, must be filed at least 3 weeks before trial and must describe specifically why the testimony is necessary for an adequate defense. Late requests or motions may result in imposition of costs upon counsel personally.

The defendant will be allowed until **FRIDAY, JULY 10, 2026** to file any motions. If any such motions are deemed to require an evidentiary hearing, counsel should so advise the court by letter when the motion is filed. Oppositions are due by **FRIDAY, JULY 17, 2026.** If needed, an **Evidentiary Hearing** on motions will be held before the undersigned on a date to be determined at the time of filing. The Clerk shall arrange for a court reporter.

Pretrial Conference

For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, whether any unusual or non-pattern jury charges are needed, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing are, but are not limited to:

1. Extrinsic evidence questions under Beechum;
2. Voluntariness of statements under 18 U.S.C. §3501;
3. Admissibility questions, whether or not an evidentiary hearing would be required; or
4. Any other issue resolvable by a pretrial hearing.

The list of foreseeable issues should be filed by the close of business on **TUESDAY, SEPTEMBER 1, 2026**.

The following topics will also be discussed at the pretrial conference:

1. Estimated time required by each side to put on its case;
2. Marking of documents for identification;

3. Waivers of foundation of documents where possible;
4. Exchange of curriculum vitae of expert witnesses and/or stipulation of expert qualifications;
5. Pending discovery problems;
6. Consideration of making Jencks Act material available to the defendant prior to the testimony of all witnesses;
7. Jury instruction/voir dire problems; and
8. Any other relevant matter necessary for the smooth progress of the trial.

All counsel are requested to furnish this court with suggested voir dire questions in addition to those regularly asked by the court. Counsel should also submit a set of requested jury instructions. Fifth Circuit Pattern Jury Instructions (West Publishing Co.) requested by the parties should be referenced only by their numbers. Each non-pattern instruction will be accompanied by a brief stating the statutory and/or jurisprudential authority for the instruction. Fifth Circuit authority is preferable. A simple case citation will not be sufficient. This information should be presented to the court by close of business on **TUESDAY, SEPTEMBER 1, 2026**.

Other Requirements

Trial subpoenas shall be served not less than 2 weeks before trial. Untimely subpoenas are subject to being quashed. Any request for subpoenas under Rule 17(b), by a defendant unable to pay, must be filed not less than 2 weeks before trial. Any motions for writ of habeas corpus ad testificandum, to produce witnesses who are currently incarcerated, must be filed at least 3 weeks before trial and must describe specifically why the testimony is necessary for an adequate defense. Late requests or motions may result in imposition of costs upon counsel personally.

A courtesy copy of all material required by this Minute Entry should be submitted **in both paper and electronic formats** directly to chambers in order to facilitate prompt attention to all matters. The electronic copy should be e-mailed to motions_hicks@lawd.uscourts.gov.

Real-Time Reporting

Requests for uncertified, real-time translation services must be submitted to lawd_realtime@lawd.uscourts.gov no later than fourteen (14) days prior to trial.

Additionally, a real-time glossary must be submitted to lawd_realtime@lawd.uscourts.gov no later than 14 days prior to trial, **regardless of whether you are requesting real-time reporting services**.  See Court Reporters & Transcripts | Western District of Louisiana | United States District Court for an example.

SO ORDERED at Lafayette, Louisiana, this 9th day of June, 2026.

_____

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**